May it please the court, still J.K. Theodosia-Johnson, but now representing Mr. Matias-Gutierrez. The judge from the beginning indicated that a high-end guideline sentence was going to be unacceptable. The only way she would accept such a sentence was if there was a problem with the case that would bar prosecution, such as derivative citizenship claim or a problem with the stop. The court rejected the agreement because she felt that the high-end was too lenient in regards to, excuse me, because of his alleged, because of his prior conviction of attempted criminal sexual assault of a child. The PSR never treated the allegations as fact, but the court did. What do you mean it didn't treat it as fact? It reported that in an interview, the child had said that she was sexually molested on four occasions and actually penetrated on the fourth occasion. And the defense counsel did not object to anything in the PSR. So don't we assume that she, that the child, in fact, told, said this at the interview, and isn't that sufficiently reliable for the district court to accept that? It was the allegations, and then he... Well, the allegation was a first-person statement by the victim. Related to an unknown number of hearsay statements. And this court has said that in PSRs, you can't just rely on police reports, and we don't even know if this came from a police report. We're not just relying on police reports. We're relying on, there's no, there was no challenge by the defense counsel to the statement in the PSR that the child, when interviewed, said these things. Why can't the judge then rely on it? If the defense attorney was saying, that's not valid, that's not what happened, then that objection is preserved, and perhaps the government would have some other evidence of what the child said. Well, this is, it's a strange procedural posture, right? Because neither the government nor the defendant thought anything of this allegation in the criminal history category until the court brought it up. And so there was no reason to object prior to that, because it just wasn't... And after the court brought it up, did the defense counsel say, well, that's an unreliable statement? He did not say that, but he did say that he tried to find more information. But it wasn't his burden at that point to disprove something that the government... It's the government's burden to prove it, but we have consistently said it may even be in the rule that if a statement in the PSR is unobjected to, the judge can rely on it. Yes, but mostly those are in regards to the offense at issue. It's not for allegations underlying a criminal history category. Why do you say that? Because I did not find any cases except for Dugan, which was in 2012, where anyone relied on the allegations underlying a previous conviction. And in Dugan, the probation department used it to suggest that the defendant go to have sexual offense things on supervised release. And treatment. And treatment. That was BOP, and you have no effect on BOP. But it was the supervised release conditions. And it wasn't ultimately decided on that, but footnote three goes into great detail about why the underlying allegations are unreliable, and that you can't simply assume that, the truth of them. And it's the same thing here, right? It's not... Except here, no one was relying on it for anyone until the court brought it up. And we don't know. It's just allegations. Well, then the defendant also got up and said they were false accusations. That really sets the stage for the need for an objection, because you have basically a conflict between the defendant's version of the charges and the PSR's version. Yes, he objected to the allegations. And what he pointed out was that his conviction was actually for attempted sexual assault of a child. He said he did not assault the child. Which, if you're convicted of attempt... He said she was lying. The victim was lying. We don't know any of the underlying facts, right? All we know is that Nebraska amended the charge to attempted sexual assault of a child. We don't know why. And we know that that's what Mr. Matias Gutierrez fled to. The only thing a prior conviction can tell us is that it met the elements of that... The offense met the elements of the attempted sexual assault here. Not that it met the elements of the criminal sexual assault itself. If I agree with that part of your argument, could the district court still have varied upward to this sentence based on her conclusion that an attempted sexual assault was a serious offense? And whether the victim's statements were true as to a rape, there was the attempt, and couldn't the variance just be justified on that ground alone? If you look at his offense level, and remember his offense level took into account the previous conviction, raising it by 10 points. If you look at the sentencing table, this sentence is literally off the charts. So it's unreasonable to double this guideline sentence based solely on this criminal history category, especially when you're relying on the allegations of it rather than the conviction itself. No, I think she could rely on the conviction itself and vary upward. I mean, her conclusion was that the defendant was still a threat to the community's safety. Correct. She could vary upwards. But I think, again, we come back to the guidelines, and the guidelines say that you need to go incrementally when the criminal history is underrepresented. And she didn't go incrementally. She jumped. Well, that's for a departure, right? Well, it is for departures. The Supreme Court has said at this point you can look at departures for the reasons under departures for the same reasons under variance. And the greater the variance, the greater the need for a compelling explanation. And it's simply not a compelling explanation, because even if you gave him the full— I don't know, it's off the charts. It's just so much higher than what the guidelines contemplate. And the guidelines contemplate that for similar conduct with similar histories, you get a similar sentence. It's designed to avoid these unwarranted disparities, and it's simply based on a criminal history category. It's unreasonable. Can I ask you, you know, it seems like you're very effectively making two arguments that are a little different, I think. Procedural reasonableness, the judge improperly relied on paragraph 22 and thought that it was a conviction for the actual sexual assault rather than attempt. And then you're making a separate argument that it was substantively unreasonable because she just went too high. But on the former, on the procedural reasonableness, does it matter that the judge sometimes did refer to these as allegations? The government points that out. You point out, well, sometimes you refer to it as if it was a completed act. Doesn't that render it ambiguous? And if it is ambiguous, we are at plain error, right? Yes, we're at plain error. And so if it is ambiguous, how can we say it was an obvious error for the judge and sometimes to insinuate that she was relying on this as a completed act as opposed to allegations because of the ambiguity? I don't think it is ambiguous. She admitted those allegations just once. And she explicitly said it was the actual criminal sexual penetration five times. And I think that indicates an ambiguous reliance on the fact that he actually committed criminal sexual assault of a child, which is not what his conviction shows. And we simply don't know. She decided some 10-odd years later without knowing anything about the case that the niece was telling the truth, absolutely. And we don't know any of the underlying facts about it. And I hate to say it, but we can't always believe that the child is telling the truth about all things, like she could be mistaken that it was her uncle. Her father wanted the uncle out of the house. There's all sorts of things we just don't know. And that's why we have to rely on what the conviction itself was rather than the underlying allegations. And to conclude, a sentencing court can't give the guidelines so little deference that it essentially is giving the guidelines no weight at all. And that's what happened here. She decided from the beginning that a high-end guideline sentence wasn't appropriate and so in essence just jettisoned the guidelines and decided to give this man 60 months. I'll reserve the rest of my time. Thank you, counsel. Good morning, Your Honors. Tiffany Wolters for the United States. You might want to lower the... Sorry. Is that better? Sure. A little shorter. Your Honors, I'd like to jump straight into the discussion about the objections or the lack of a dispute to the facts in the PSR. Counsel had indicated that the objections are required for the fact of conviction. But if we look to Rule 32, the district court is entitled to rely on, to accept any undisputed portion of the pre-sentence report as a finding of fact. And that's not cabin to specifically the offense of conviction. That includes all the facts in the PSR. And that makes a lot of sense given that some defendants may have a lengthy criminal history and to say that the government has to come into court with information on however many convictions from however many states, when there's no dispute as to any of those convictions, it makes a lot of sense that that's the rule, that the defendant has to come forward with some objection to the truth or the accuracy of those allegations to trigger the district court's fact-finding obligation. The PSR doesn't say that the defendant committed the offense. What it says is the victim, in an interview, said these things. So then the question is, is that reliable, sufficiently reliable for the district court? Assuming the truth of the PSR, that this is what the child told the interviewer, then the question is, is that sufficiently reliable to consider a sentence? Is that the proper analogy? I think so. Although in this case, the defendant didn't trigger this reliability concern because he never even raised concerns regarding the reliability of the evidence in district court. But if we do look to the allegations, we have a situation where the defendant was charged with sexual assault. He pleaded guilty to attempted sexual assault based on these allegations. And we don't have anything that would suggest that those allegations are untrue or unreliable. And the fact that he pled guilty based on those allegations may not be a concession to every single thing that the victim said, but it certainly shows that there's some truth there. There's sufficient to be a factual basis for the plea. Wasn't the reliability challenged when the defendant denied doing anything? So as an initial matter in this court, and Smith has said that the district court doesn't have to consider pro se processions of innocence absent an objection by counsel. And I think here it's also important to look at the context of how the claim of falsity came about to understand the district court's approach to this. So we have the first sentencing hearing at which defense counsel says there's no objections to the PSR. And the defendant does eventually say these allegations are false. And the district court says, well, I'm intending to reject this plea agreement. Do you want a continuance? And you could present other information on the conviction, almost inviting defense counsel to raise an objection at the next hearing, if there was any basis to challenge the reliability or the accuracy of that information in the PSR. And at the next hearing, they come back. And again, the defense counsel goes on the record saying there's no objections to the information in the PSR. And defendant is taking a different tact at the second hearing. So he doesn't come into that hearing again saying these allegations are false. He comes in saying, I'm ashamed. I'm repentant. I'm sorry. And that's the approach he takes at the second hearing until the district court questions him about, how do I know you're not a danger to the community in light of this? What did you learn in classes during your incarceration that would alleviate my concerns as to your danger to the community? And defendant is repeatedly unresponsive or discussing it in terms of women as opposed to children. And the district court then confronts him with the substance of the allegations and said, if you're not attracted to children, why did you rape your niece? And at that point, he comes back and denies, again, the allegations. So I think at the point that the district court asks that question, the court is entitled to rely on the PSR for its truth and without any dispute to that PSR. But the PSR statement was based not on interviews of the victim, but interviews of a school counselor and a police officer. So the probation officer didn't even track down the victim and obtain a statement from her. Correct. The probation officer didn't obtain a statement from her, but it does report statements made by the victim in a forensic interview. Now, we don't know if those were taken from interview notes or a police report, but it does appear to be statements directly attributable to the victim. Turning to the question of, we're on plain error review. And admittedly, the district court did occasionally refer to the charge as a sexual assault charge versus an attempted sexual assault charge, but it referred to an equivalent number of times as attempted sexual assault. And the fact that the district court occasionally misspeaks at best demonstrates ambiguity in the record. And when we look to when the district court actually stated its reasons for imposing the sentence, the court very carefully went through the facts as reported in the PSR. It referred to the fact that he was charged with sexual assault, but actually pled guilty to attempted sexual assault, and again refers to the niece's allegations of sexual penetration. So it's clear that the district court understood the factual context of what the PSR was stating, that we have an initial charge and a plea to a lesser charge, and that these are based on these allegations. And absent an objection, the court is entitled to rely on that. And certainly, as Judge Trimkevich mentioned, the plea to attempted sexual penetration is more than sufficient to justify the district court's concerns regarding the danger he presents to children, and its concerns regarding his return to the United States less than a year after he was released on parole for these charges. Does the court have any questions on the district court's participation in the plea negotiations or a substantive reasonableness? Apparently not. Well, if there's no further questions on the reliability issue, then maybe I should ask that the court would affirm. Thank you. So, to be clear, the PSR related them as allegations from the beginning, and defense counsel tried to find more information, which was flipping the burden onto defense counsel to disprove something that wasn't even presented as a fact. It was presented as an allegation. And there is fundamentally a need, regardless of objection, for the sentencing factors to be reliable. And using the allegations is simply not reliable. I know that the government says that she acknowledged those allegations. She acknowledged those allegations once and explicitly referred to it repeatedly as if he had committed the underlying act. The only thing we know is that he met the offense characteristics of attempted sexual assault, not sexual assault. And do you disagree that that would be enough to justify the court's concern about the defendant's danger to the community? I think the conviction itself could raise that question. But I don't think it's enough to bury a significantly ashy dead. That's it. Thank you. The case is submitted. Counsel excused.